CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number: 14853
ALLISON REESE
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336

UNITED STATES DISTRICT COURT
District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:21-MJ-0547-BNW-1 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| MIGUEL ANGEL MANDUJANO-SANCHEZ ) | | <u>PRETRIAL RELEASE</u> |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Jennifer Simone</u>, Senior U.S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 1ST day of July, 2021.

CHRISTOPHER CHIOU
Acting United States Attorney

By ___/S/_____
ALLISON REESE
Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. MIGUEL ANGEL MANDUJANO-SANCHEZ          Docket No: 2:21-MJ-0547-BNW-1

Petition for Action on Conditions of Pretrial Release

COMES NOW JENNIFER SIMONE, SENIOR U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant MIGUEL ANGEL MANDUJANO-SANCHEZ. The defendant appeared on June 25, 2021, before U.S. Magistrate Judge Brenda Weksler and was ordered released on a personal recognizance bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.
3. The defendant shall not obtain a passport or passport card.
4. Travel is restricted to Clark County, Nevada.
5. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
6. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
7. The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
8. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
9. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
10. The defendant shall participate in mental health treatment as directed by Pretrial Services or the supervising officer.
11. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
12. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.
    - Home Detention:  The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance use or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer.
13. The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
    - Global Positioning Satellite (GPS) monitoring.

14. The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
15. The defendant shall pay all or part of the cost of the location monitoring program based upon his ability to pay as determined by Pretrial Services or the supervising officer. The defendant shall not be employed in, or be present in, any setting directly involving minor children.

Respectfully presenting petition for action of Court and for cause as follows:

1. On July 1, 2021, the defendant was arrested by the North Las Vegas Police Department for Own/Operate Vehicle Chop Shop (a felony); 4 counts of Possession of a Stolen Vehicle (a felony); Possession of Stolen Property; and Remove/Alter VIN or Partial ID/Mark.
2. Due to the defendant's custody status, he is unable to properly charge his location monitoring device.

**Respectfully presenting petition for action of Court and for cause as follows:**

**PRAYING THAT THE COURT WILL ORDER THAT WARRANT BE ISSUED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE HELD TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. |
|---|---|
| Considered and ordered this 21st day of July, 2021 and ordered filed and made a part of the records in the above case. | Executed on this 1st day of July, 2021. |
| | Respectfully Submitted, |
| Honorable Brenda Weksler<br>U.S. Magistrate Judge | Jennifer Simone<br>U.S. Pretrial Service Officer<br>Place: <u>Las Vegas, Nevada</u> |