RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
NAVID AFSHAR
Assistant Federal Public Defender
Nevada State Bar No. 14465
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Navid_Afshar@fd.org

Attorney for Miguel Angel Mandujano-Sanchez

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MIGUEL ANGEL MANDUJANO-SANCHEZ, <br><br> Defendant. | Case No. 2:21-cr-00226-JCM-NJK-1 <br><br> **MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE** |

Miguel Angel Mandujano-Sanchez, through his counsel of record, Navid Afshar, Assistant Federal Public Defender, respectfully requests this Court grant an order removing the home detention and location monitoring condition of his pretrial release. This request is based on the Points attached, including the recommendation of his Pretrial Services Officer, Jennifer Simone.

DATED: June 15, 2022.

                               RENE L. VALLADARES
                               Federal Public Defender

                     By: */s/ Navid Afshar*
                          Assistant Federal Public Defender
                          Attorney for Miguel Angel Mandujano-Sanchez

## FACTUAL BACKGROUND

On June 24, 2021, Mr. Mandujano-Sanchez made his initial appearance on a complaint alleging several drug offenses. ECF No. 5. The government argued for detention, while Mr. Ford argued for release on conditions. The Court released Mr. Mandujano-Sanchez on conditions of pretrial release. Among the conditions the Court imposed was a condition placing Mr. Mandujano-Sanchez on home detention and stand-alone GPS monitoring.

Mr. Mandujano-Sanchez has been on pretrial supervision for almost one year. During this time, he has maintained gainful employment, seven days a week, as a painter. He has complied with his home detention conditions, confirmed by his family and the GPS monitor. Mr. Mandujano-Sanchez's supervising pretrial officer reached out to undersigned counsel to discuss removing the location monitoring condition. This motion follows. The government does not take a position and defers to the Court.[1]

## ARGUMENT

The Bail Reform Act permits the judicial to "at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). The Bail Reform Act mandates that, after determining an individual can be released on conditions, the judicial officer release the individual "subject to the least

---

[1] Undersigned counsel communicated with the government on this matter.

2

restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). "Section 3142 does not seek ironclad guarantees, and the requirement that the conditions of release 'reasonably assure' a defendant's appearance cannot be read to require guarantees against flight" or guarantee the safety of the community. *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992).

Here, the home detention and location monitoring conditions are not the "least restrictive" condition that will reasonably assure Mr. Mandujano-Sanchez's future appearance and reasonably assure the safety of the community. Mr. Mandujano-Sanchez is employed as a painter. He works seven days a week. Mr. Mandujano-Sanchez has been able to maintain this work schedule, without incident, while on home detention and subject to location monitoring.

Pretrial services reports that Mr. Mandujano-Sanchez has complied with all conditions of supervised release. Moreover, both the GPS monitor and Mr. Mandujano-Sanchez's family confirm that he has complied with the home detention condition. This Court can trust Mr. Mandujano-Sanchez to continue to comply with the conditions of his release if the home detention and location monitoring conditions are removed. The remaining conditions present a less restrictive alternative to his current conditions while accomplishing the same goal: reasonably assuring the Court that Mr. Mandujano-Sanchez will appear at future

court proceedings and not pose a danger to the community. When considered considering all other previously imposed conditions, current home detention and location monitoring conditions are simply more restrictive than necessary to accomplish the goals of the Bail Reform Act.

## CONCLUSION

Based on these reasons, Mr. Mandujano-Sanchez respectfully asks this Court to remove the home detention and location monitoring conditions.

Respectfully submitted,
RENE L. VALLADARES
Federal Public Defender

By: */s/ Navid Afshar*
NAVID AFSHAR
Assistant Federal Public Defender
Attorney for Miguel Angel Mandujano-Sanchez

### ORDER
**IT IS SO ORDERED**

**DATED:** 6:05 pm, June 21, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that he is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on June 15, 2022, he served an electronic copy of the above and foregoing **MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE** by electronic service (ECF) to the person named below:

> JASON M. FRIERSON
> United States Attorney
> ALLISON REESE
> Assistant United States Attorney
> 501 Las Vegas Blvd. South
> Suite 1100
> Las Vegas, NV 89101

> */s/ Marcus Walker*
> Employee of the Federal Public Defender